LORAIN CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* LORAIN CIVIL SERVICE COMMISSION, APPELLEE.

(No. 3875—Decided December 18, 1985.)

*Michael J. Loughman,* for appellant.
*Frank J. Horvath,* assistant city attorney, for appellee.

BAIRD, J. This cause came on before the court upon an appeal by the plaintiff, the Lorain City School District Board of Education ("the board"), from the order of the trial court entering summary judgment in favor of the Lorain Civil Service Commission. We affirm.

The facts of this cause, as stipulated by the parties, are as follows:

"(1) The Lorain City School District Board of Education (hereinafter 'Board of Education') is a duly organized and body politic existing under Ohio Revised Code, Section 3313.17 and under Sections 3313.20 and 3313.47 of the Ohio Revised Code is responsible for the management and control of the employees and schools within Lorain City School District.

"(2) The City Civil Service Commission of Lorain, Ohio (hereinafter 'Commission') is a city civil service commission duly organized and existing under Chapter 124 of the Ohio Revised Code with jurisdiction over the nonteaching employees of the Lorain City School District.

"(3) In June, 1974, the Board of Education drafted and developed job descriptions for all Civil Service positions within the school district. One of the job descriptions developed and accepted by the Commission was for the position of Supervisor of Purchasing. Included in the job description for Supervisor of Purchasing were the following three minimum qualifications:

"1. Two (2) years of college in Business Administration;

"2. An understanding of Data Processing;

"3. Two (2) years experience in purchasing.

"A copy of said job description is attached hereto and marked as Exhibit 'A'.

"(4) The individual appointed by the Board to the position of Supervisor of Purchasing met the three minimum qualifications listed in the job description and the individual was approved by the Commission in June, 1974.

"(5) In March of 1980, the title of the position of Supervisor of Purchasing

was changed to read 'Purchasing Agent and Warehouse Manager.' The change in title was approved by the Commission.

"(6)  In June of 1980, the individual who had formerly held the position of 'Supervisor of Purchasing'/'Purchasing Agent and Warehouse Manager' vacated the position. Approximately two (2) months later, the Board hired another individual to fill the vacated position of Purchasing Agent and Warehouse Manager.

"(7)  The individual hired by the Board of Education in June of 1980, possessed the qualifications of two (2) years experience in purchasing and an understanding of data processing. The individual did not possess the two (2) year requirement relative to the educational experience. At that time, summer of 1980, the Board waived the educational qualification.

"(8)  The individual appointed in August of 1980 served in the position of Purchasing Agent and Warehouse Manager until her retirement in August of 1983. At no time during the tenure of this individual in the position of Purchasing Agent and Warehouse Manager did the Commission test her for the position.

"(9)  In August of 1983, the Board of Education through its Business Manager notified the Commission of the opening in the position of Purchasing Agent and Warehouse Manager. The Board requested that the Commission establish an entry level examination for the position and that all applicants for the position meet the minimal job qualifications that had been established since 1974.

"(10)  The Commission at a work session on November 7, 1983 revised the job description for 'Purchasing Agent and Warehouse Manager' by deleting the three minimal qualifications listed herein. The Commission did not consider the three minimal qualifications to be 'Bona Fide Occupational Qualifications'

for the position. The Commission notified the. Board of Education by letter dated November 14, 1983 of its action to delete the minimal qualifications. A copy of said letter is attached hereto as Exhibit 'B'.

"(11)  The Commission on November 10, 1983, three days after it had deleted the minimal qualifications, gave a promotional test for the position of Purchasing Agent and Warehouse Manager. The giving of a promotional examination resulted in limiting the test to only non-teaching employees of the Board of Education and making all non-teaching employees of the Board of Education eligible for the position.

"(12)  On November 17, the Board of Education through its Business Manager responded to the Commission's letter of November 14, 1983 concerning the deleting of the minimal qualifications for Purchasing Agent and Warehouse Manager. A copy of said letter is attached hereto as Exhibit 'C'.

"(13)  On or about December 9, 1983, the Commission certified to the Board of Education an eligibility list for the position of Purchasing Agent and Warehouse Manager. The list contained names of the non-teaching employees of the Board who scored the highest. None of the non-teaching employees listed met the minimal qualifications as contained in the Board of Education's job description for the position.

"(14)  The Board of Education has refused to appoint anyone to the position of Purchasing Agent and Warehouse Manager.

"(15)  The position of Purchasing Agent and Warehouse Manager has remained vacant since August of 1983."

Appellant board of education filed a complaint seeking a declaratory judgment from the court that:

"1.  The Board of Education has the right to establish minimal qualifications for the position of 'Purchasing Agent and Warehouse Manager';

"2. The Commission reincorporate the Board of Education's minimal qualifications for the position of Purchasing Agent.

"3. The Commission void its promotional examination for Purchasing Agent and make the exam for the position an entry level exam; and

"4. The Commission's promotional test and eligibility list for the position of Purchasing Agent be declared invalid and void."

The board of education and commission filed cross-motions for summary judgment under Civ. R. 56.

Applying the law to the stipulations, the trial court found the defendant, the Lorain Civil Service Commission (the "commission"), to be entitled to judgment as a matter of law and entered summary judgment in favor of the commission.

From this judgment entry, the board appeals, assigning as error:

"I. The trial court erred in entering judgment in favor of defendant-appellee pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

"A. The trial court erred in finding as a matter of law that appellant had no right to establish minimum qualifications for the position of 'Purchasing Agent and Warehouse Manager'.

"B. The trial court erred in finding as a matter of law that appellee civil service commission has the authority to unilaterally delete the minimal qualifications for the position of 'Purchasing Agent and Warehouse Manager' without study or input from appellant Board of Education."

R.C. 124.40(A) establishes that there shall be a municipal civil service commission in each city of the state with the same powers and duties with respect to the civil service of the city and city school and health districts as are prescribed for and conferred on the Director of Administrative Services and the State Personnel Board of Review with respect to the civil service of the state. Further, all authority granted to the director and the board with respect to the state civil service, except as otherwise provided, shall be held to grant the same authority to the municipal civil service commission.

R.C. 124.40(A) also provides in pertinent part:

"* * * Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city and city school district, * * *; for examinations and resignations therefor; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. * * *"

Thus, the responsibility for setting minimal qualifications for positions within the classified civil service system lies with the municipal civil service commission.

That this responsibility lies with the commission is reinforced by the requirement of R.C. 124.14 which provides:

"* * * The director shall describe the duties and responsibilities of the class and establish the qualifications for being employed in that position; * * *"

As discussed previously, R.C. 124.40 makes the provisions and requirements of R.C. 124.14 applicable to municipal civil service commissions.

The board may suggest to the commission what it feels are the minimal qualifications for the position; or, the board may utilize statutory procedures to attempt to have the position exempted from the classified service. However, the final responsibility for setting the qualifications for particular jobs within the system lies with the commission.

The statutory provision relied upon by the board, R.C. 3313.20, does not vest the board with the authority to set

minimum job qualifications, but rather refers to the board's authority to govern the behavior and dress of students and employees. Non-teaching employees of city school systems are in the classified civil service unless specifically included in the unclassified service, and authority for setting minimum job qualifications rests with the commission under R.C. 124.40 rather than with the board pursuant to R.C. 3313.20.

Appellant's assignment of error is not well-taken and the same is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.